In the Matter of the Accounting of PEOPLES BANK OF JOHNSTOWN, NEW YORK, as Trustee under the Will of DAVID A. WELLS, Deceased, Respondent. JOSEPH D. OLIVER, JR., et al., Appellants; GERTRUDE K. HAYWARD et al., Respondents.

Argued January 12, 1955; decided March 3, 1955.

*Lydon F. Maider* and *Herbert W. Patterson* for appellants. I. The decision of this court in *Oliver v. Wells* (254 N. Y. 451) was not determinative of the issues here. (*Matter of Horner*, 237 N. Y. 489; *Matter of Trevor*, 239 N. Y. 6; *Kalish v. Kalish*, 166 N. Y. 368.) II. The court below erred in determining that the relevant documents placed upon appellants Oliver the risk of loss in value of the railway stock. III. Participation by the Oliver children as claimants is not inconsistent with the Surrogate's holding that the consent of Anna Gertrude Oliver was ineffective. IV. The consents were binding upon Anna Gertrude Oliver and her successors in interest but should not be interpreted as creating a property interest or an assumption of risk. (*Atterbury v. Bank of Washington Heights*, 241 N. Y. 231; *Hoffman v. Aetna Ins. Co.*, 32 N. Y. 405; *Gillet v. Bank of America*, 160 N. Y. 549; *Moran v. Standard Oil Co.*, 211 N. Y. 187; *Comey v. United Sur. Co.*, 217 N. Y. 268; *Broadway Realty Co. v. Lawyers Tit. Ins. & Trust Co.*, 226 N. Y. 335; *Strauss v. Ernstein*, 232 N. Y. 187; *Evelyn Bldg. Corp. v. City of New York*, 257 N. Y. 501; *Wilson Sullivan Co. v. International Paper Makers Realty Corp.*, 307 N. Y. 20; *Friedman v. Handelman*, 300 N. Y. 188; *Donavin v. Thurston*, 190 App. Div. 48.) V. The court below erred in directing the retention of the sum of $8,082.81 by the trustee of the David A. Wells trust during the lifetime of John E. Wells, the life beneficiary.

*Walter J. Hogan* for Gertrude K. Hayward and others, respondents. I. The Oliver objectors-appellants stand in the shoes of their mother, Anna Gertrude Oliver, and her consent binds them. II. The consent of Anna Gertrude Oliver to extend the time of sale of her interest in the real estate and stock necessarily meant she must take the property as it existed at the time she was eventually entitled to delivery. (*Matter of McGrath*, 129 Misc. 514; *Havens v. Sackett*, 15 N. Y. 365; *Beetson v. Stoops*, 186 N. Y. 456; *Oliver v. Wells*, 254 N. Y. 451.) III. The consents of Anna Gertrude Oliver and John E. Wells were valid and binding as to such interest each might have. (*Beetson v. Stoops*, 186 N. Y. 456.) IV. The David A. Wells trust has no liability to the Eleazer Wells trust until the death of the sole trust beneficiary, John E. Wells. V. The right of election given Anna Gertrude Oliver and John E. Wells supersedes the original

agreement, and created a new agreement with different rights and obligations between the estate of David A. Wells, Anna Gertrude Oliver and John E. Wells. VI. In no event should respondents bear personally interest on any moneys directed to be paid appellants.

*Alfred D. Dennison* for Peoples Bank of Johnstown, respondent.

BURKE, J. Under the second decretal paragraph of the modified decree inserted in accordance with the opinion of the Appellate Division, the provision of the original surrogate's decree for the immediate payment of $8,082.81 to John Wells, as trustee under the will of Alida Wells for his life, has been stricken and direction made that said sum be held by the trustee under the will of David Wells to pay over the income to David Wells' beneficiaries until the death of John Wells, at which time the principal will be payable to the remaindermen-appellants herein. It should be noted that the decree in this respect recognizes that that sum is a charge against the estate of David Wells since the consents were ineffective to bar the remaindermen's right under the will of Alida Wells. Nevertheless since the consent has been held valid as against the interest of John Wells as income beneficiary under the will of Alida Wells, the Appellate Division has selected the above procedure to provide for the ultimate payment to the remaindermen while providing that the income be paid to David Wells' beneficiaries during the life of John Wells. But since John Wells is the successor trustee under the will of Alida Wells and since the sum of $8,082.81 is part of the corpus of the trust under the will of Alida Wells, that sum should properly be administered by John Wells, as trustee under the will of Alida Wells, rather than by the State Bank of Albany as successor to the Peoples Bank of Johnstown, New York, trustee under the will of David Wells. The order should therefore be modified so as to provide for the immediate payment of the above sum to John Wells, as trustee under the will of Alida Wells, but with directions to pay over the income during his life to the trustee under the will of David Wells for proper distribution to David Wells' beneficiaries. Only in this manner will the rights of the remaindermen, whose interest in the sum is superior to that of the beneficiaries under the will of David Wells, be fully protected.

The order of the Appellate Division should be modified in accordance with this opinion and, as so modified, affirmed, with costs to all parties appearing separately and filing separate briefs, payable out of the estate.

CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Ordered accordingly.